Steven J. TENENBAUM,
Ph.D., Appellant,

v.

**MISSOURI STATE COMMITTEE OF PSYCHOLOGISTS, Respondent.**

No. WD 67237.

Missouri Court of Appeals,
Western District.

June 29, 2007.

James B. Deutsch and Jane A. Smith, Jefferson City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Earl Kraus, Assistant Attorney General, Jefferson City, MO, for respondent.

Before SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

### Order

PER CURIAM.

Steven J. Tenenbaum appeals the judgment of the Circuit Court of Cole County affirming the decision of the Administrative Hearing Commission (AHC), that his license as a psychologist, which was issued pursuant to § 337.020.3 by the Missouri State Committee of Psychologists (Committee), was subject to disciplinary action by the Committee, as authorized by § 337.035.3. Pursuant to a complaint filed by the Committee with the AHC, as authorized by § 337.035.2, the AHC found that the conditions for disciplinary action, found in subsections (5), (6), (13), and (15) of § 337.035.2, had been met. Accordingly, the Committee, as authorized by § 337.035.3, revoked the appellant's license.

The appellant raises five points on appeal, claiming error by the *circuit court.* However, our review is of the decision of the AHC, not the judgment of the circuit court. § 621.145; *Dorman v. State Bd. of Registration for the Healing Arts,* 62 S.W.3d 446, 453 (Mo.App.2001). As such, the appellant's points are technically deficient under Rule 84.04(d)(2), which reads: "Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall: (A) *identify the administrative ruling or action the appellant challenges* [.]" (Emphasis added.) However, although the appellant's points are technically deficient, in that they do not challenge the decision of the AHC, finding that his license was subject to disciplinary action by the Committee, as authorized in § 337.035.3, because it is sufficiently clear from his argument in each point that he is, in fact, attacking that decision, we will review his points on the merits.

In Point I, the appellant claims that the AHC erred in finding and concluding that his license was subject to disciplinary action by the Committee, as authorized by § 337.035.3, including revocation, on the grounds that he violated subsections (5), (6), (13), and (15) of § 337.035.2, because

there was no evidence in the record, as required in order to revoke his license, demonstrating that, at the time in question, he had established a "psychologist/client relationship" with the complaining witness such that he owed her a duty not to engage in any of the prohibited conduct set forth in § 337.035.2. In Point II, he claims that the AHC erred in admitting and considering, over his objection, the testimony of Detective Steven Cintel, of Town and County Police Department, regarding statements the appellant made to him about the incident and his report summarizing those statements because it was inadmissible hearsay and no hearsay exception applied. In Point III, he claims that the revocation of his license, pursuant to § 337.035.3, was unconstitutional because it was "disproportionate to the alleged offense and violated [his] due process and equal protection rights, in that no other psychologist has ever had a license revoked for a first offense-dual relationship violation and no justification for the excessive punishment of this appellant has been presented." In Point IV, he claims that the AHC erred in deciding that he was subject to discipline by the Committee, pursuant to § 337.035.3 for violating subsections (5), (6), (13), and (15) of § 337.035.2 because the AHC's required findings of fact, in support of its decision, were "plainly incorrect on matters critical to the disciplinary decision of revocation." In Point V, he claims that the Committee's order of revocation, pursuant to § 337.035.3, is void, *ab initio*, because, contrary to the authority granted the Committee in § 337.035.3 to revoke his license, the order of revocation was signed by the executive director of the Committee rather than the Committee.

We affirm pursuant to **Rule 84.16(b).**